## Federal Attachment of Debts Due by Commonwealth

RUTTER, Deputy Attorney General, November 18, 1943.—By communication of November 10, 1943, you inform us that you have been served with "Notice of Levy" and "Notice of Tax Lien under Internal Revenue Laws" by the Collector of Internal Revenue of the United States located at Philadelphia, with respect to a Commonwealth employe. The papers referred to recite that the Government of the United States has a claim against this employe for unpaid Federal income tax; and purport to impose a levy on any money due the employe from the Commonwealth, in favor of the United States.

Section 3670 of the Internal Revenue Code of February 10, 1939, 53 Stat. at L. 1, 26 U. S. C. §3670, reads as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671 of said code, 26 U. S. C. §3671, is as follows:

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

You desire us to advise you:

1. What effect is the State Treasurer required to give to the aforesaid notices served upon him where the delinquent taxpayer involved is a Commonwealth employe? Should the State Treasurer withhold the salary check due said employe?

2. What effect should the State Treasurer give to the aforesaid notices where the delinquent taxpayer is not an employe of the Commonwealth, but is a vendor or other person to whom the Commonwealth is indebted?

The Commonwealth of Pennsylvania is a sovereign State of the United States of America. As such it cannot be sued unless it consent thereto, except pursuant to the provisions of its own Constitution and that of the United States; and the Commonwealth cannot have imposed upon it, or be subjected to, except under like circumstances, any burdens or obligations.

It is axiomatic that the Commonwealth cannot be garnisheed. This is what the aforesaid levy purports to do. The fact that the claimant is the Government of the United States is immaterial. The Commonwealth of Pennsylvania cannot be made a garnishee by any person, corporation, or State, or by the Federal Government, unless it consent thereto.

We consider it unnecessary to enter into a discussion of whether any property of the delinquent taxpayer is in the hands of the Commonwealth, or whether such taxpayer might have a claim which could be legally asserted against the Commonwealth, or whether all funds of the Commonwealth remain its property until delivered to a payee. Such a discussion would serve no useful purpose because your questions are governed by the principles hereinbefore enunciated.

It is our opinion, therefore, and you are accordingly advised, that no effect whatever need be given by you to notice of levy and of tax lien served upon you in favor of the Government of the United States against a delinquent taxpayer of the Federal Government for or on account of moneys owing to such taxpayer by the Commonwealth, whether such taxpayer be an employe of the Commonwealth or whether he be someone to whom the Commonwealth owes money for other reasons.